# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARK GOLDEN and GENEVA GOLDEN, *on behalf of themselves and all others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| HIGGINS BENJAMIN, PLLC | ) ) |
| Defendant. | ) ) ) |

**CIVIL ACTION NO. 1:20-cv-627**

**COMPLAINT**

**JURY TRIAL DEMAND**

## NATURE OF ACTION

1.       Plaintiffs Mark Golden ("Mr. Golden") and Geneva Golden ("Ms. Golden") (collectively, "Plaintiffs") bring this action against Defendant Higgins Benjamin, PLLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.       This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.       Plaintiffs have Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiffs to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in

1

law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. In order to protect consumers and ensure compliance by debt collectors, "[t]he FDCPA is a strict liability statute that prohibits false or deceptive representations in collecting a debt, as well as certain abusive debt collection practices." *McLean v. Ray*, 488 F. *App'x* 677, 682 (4th Cir. 2012).

7. The FDCPA must be construed liberally to affect its remedial purpose. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 393 (4th Cir. 2014).

8. "By providing prevailing plaintiffs statutory and actual damages, as well as reasonable attorney's fees, Congress plainly intended to regulate unscrupulous conduct by encouraging consumers who were the target of unlawful collection efforts to bring civil actions." *Id.*; *See also Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982) (Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act.").

2

9.     Whether a communication violates the FDCPA "is determined from the vantage of the 'least sophisticated consumer,'" an objective standard that considers how the hypothetical "least sophisticated consumer would interpret the allegedly offensive language."  *Russell*, 763 F.3d at 394.

10.     This test "comports with basic consumer protection principles[, as] '[t]he basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.'"  *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996) (*quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

## PARTIES

11.     Mr. Golden is a natural person who at all relevant times resided in the State of North Carolina, County of Forsyth, and City of Kernersville.

12.     Ms. Golden is a natural person who at all relevant times resided in the State of North Carolina, County of Forsyth, and City of Kernersville.

13.     Plaintiffs are "consumer[s]" as defined by 15 U.S.C. § 1692a(3).

14.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

15.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16.     Mr. Golden is a natural person allegedly obligated to pay a debt.

17.     Ms. Golden is a natural person allegedly obligated to pay a debt.

18. Plaintiffs' alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, homeowners association fees (the "Debt").

19. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

20. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21. In connection with the collection of the Debt, Defendant sent Plaintiffs written communication dated April 22, 2020.

22. A true and correct copy of Defendant's April 22, 2020 letter is attached as Exhibit A.

23. Defendant's April 22, 2020 letter was its initial communication with Plaintiffs with respect to the Debt.

24. Defendant's letter purported to contain the notices required by 15 U.S.C. § 1692g(a).

25. However, Defendant's April 22, 2020 letter stated, in relevant part: "Unless you dispute the validity of the debt, or any portion, within 30 days after receipt of this letter, the debt will be assumed to be valid." Exhibit A.

26. This statement fails to inform Plaintiff that the Debt will be assumed to be valid *by Defendant*.

## CLASS ALLEGATIONS

27. Plaintiffs repeat and re-allege all factual allegations above.

4

28.     Upon information and belief, Defendant's April 22, 2020 letter is based on a form or template (the "Template") used to send an initial written communication to a consumer.

29.     Defendant has used the Template to send initial collection notices to at least 40 individuals in the State of North Carolina within the one year prior to the filing of this complaint.

30.     Plaintiffs bring this action on behalf of themselves and all others similarly situated.  Specifically, Plaintiffs seek to represent the following class:

> All individuals with a North Carolina address to whom Defendant sent an initial collection letter based on the Template, within one year before the date of this complaint, and in connection with the collection of a debt.

31.     The proposed class specifically excludes the United States of America, the State of North Carolina, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fourth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

32.     The class is averred to be so numerous that joinder of members is impracticable.

33.     The exact number of class members is unknown to Plaintiffs at this time and can be ascertained only through appropriate discovery.

34.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

35.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at

issue; (b) Defendants' violations of 15 U.S.C. § 1692 et seq.; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

36.     The claims of Plaintiffs are typical of the claims of the class they seek to represent.

37.     The claims of Plaintiffs and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

38.     Plaintiffs possess the same interests and have suffered the same injuries as each class member. Plaintiffs assert identical claims and seeks identical relief on behalf of the unnamed class members.

39.     Plaintiffs will fairly and adequately protect the interests of the class and have no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

40.     Plaintiffs are willing and prepared to serve this Court and the proposed class.

41.     The interests of Plaintiffs are co-extensive with and not antagonistic to those of the absent class members.

42.     Plaintiffs have retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiffs and all absent class members.

43.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

6

44.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

45.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

46.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

47.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692g(a)(3)

48.     Plaintiffs repeat and re-allege each factual allegation above.

49.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice.  *See* 15 U.S.C. § 1692g(a).

50.     Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

51.     This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

52.     "To comply with the FDCPA's notice requirements, the notice must actually and effectively convey to the consumer his right to dispute the debt."  *In re Martinez*, 271 B.R. 696, 700 (S.D. Fla. 2001), *aff'd,* 311 F.3d 1272 (11th Cir. 2002).

53.     "While the debt collector is not required to use the language of the statute verbatim, a collection letter 'must include some language that makes clear it is only the debt collector that may assume the validity of the debt . . . [O]therwise the debtor is left uncertain about what entity will make the assumption and for what purpose.'" *DeCapri v. Law Offices of Shaprio Brown & Alt, LLP*, No. 3:14CV201-HEH, 2014 WL 4699591, *5 (E.D. Va. Sept. 19, 2014) (quoting *Fariasantos v. Rosenberg & Associates, LLC*, 2 F. Supp. 3d 813, 822 (E.D. Va. 2014)).

8

54.     Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to meaningfully convey to Plaintiffs that unless Plaintiffs dispute the validity of the alleged debt, or any portion thereof, within thirty days after receipt of the initial communication, the debt will be assumed valid by Defendant.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Determining that this action is a proper class action and certifying Plaintiffs as a class representatives under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operative complaint for class purposes;

b)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(3) with respect to Plaintiffs and the class;

c)  Awarding Plaintiffs and the class they seek to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiffs such additional damages as the Court may allow in the amount of $1,000 each, pursuant to § 1692k(a)(2)(B)(i);

e)  Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii)

f)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)  Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

9

## TRIAL BY JURY

55.    Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: July 8, 2020.

Respectfully submitted,

s/ Chris Brown
Chris Brown (N.C. Bar No. 33365)
Thompson Consumer Law Group, PC
121 Kendlewick Dr.
Cary, NC 27511
Telephone: (888) 332-7252
Facsimile: (866) 317-2674
cbrown@ThompsonConsumerLaw.com

Attorneys for Plaintiffs

Case 1:20-cv-00627-TDS-LPA   Document 1   Filed 07/08/20   Page 10 of 10