IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARK GOLDEN and GENEVA GOLDEN,    )
on behalf of themselves and all   )
others similarly situated,        )
                                  )
                 Plaintiffs,      )
                                  )         1:20-cv-00627
          v.                      )
                                  )
HIGGINS BENJAMIN, PLLC,           )
                                  )
                 Defendant.       )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

This is a putative class action by Plaintiffs Mark Golden and Geneva Golden, on behalf of themselves and all others similarly situated, against Defendant Higgins Benjamin, PLLC ("Higgins"), a law firm, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Before the court is Higgins' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 6.) For the reasons set forth below, the motion will be denied.

**I.  BACKGROUND**

Higgins is a law firm engaged in the collection of debts. (Doc. 1 ¶ 14.) On April 22, 2020, Higgins sent Plaintiffs a collection letter, commonly known as a dunning letter, to collect a total balance of $903.05 in allegedly overdue homeowners' association fees. (Id. ¶¶ 18, 21; Doc. 1-1.) The letter, which

Plaintiffs have attached to their complaint, reads in relevant part:

> You are notified as follows in accordance with the [FDCPA]: This law firm is a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion, within 30 days after receipt of this letter, *the debt will be assumed to be valid*. If you notify us in writing within 30 days after receipt of this letter that this debt, or any portion, is disputed, we will obtain verification of the debt or a copy of any judgment, and a copy of such verification or judgment will be mailed to you. If you notify us in writing within the 30 day period that the debt, or any portion, is disputed or if you request the name and address of the original creditor, our firm will cease collection of the debt, or any disputed portion, until we obtain verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor is mailed to you. Upon your written request within the 30 day period, our firm will provide you with the name and address of the original creditor, if different from the current creditor.

(Doc. 1-1 at 5 (emphasis added).)

On July 8, 2020, Plaintiffs filed this action against Higgins, alleging one violation of the FDCPA. (Doc. 1.) Higgins moved to dismiss Plaintiffs' cause of action for failure to state a claim. (Doc. 6.) Plaintiffs responded in opposition, and Higgins replied. (Docs. 8, 10.) The motion is now fully briefed and ready for resolution.

**II. ANALYSIS**

    **A. Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) provides that a

complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the plaintiff's favor. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). However, mere legal conclusions are not accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

**B. Violation of § 1692g(a)**

The sole claim raised by Plaintiffs alleges a violation of 15 U.S.C. § 1692g(a), which provides in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the

3

> consumer has paid the debt, send the consumer a written notice containing . . .
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]

"Congress included the debt validation provisions in order to guarantee that consumers would receive adequate notice of their legal rights." Miller v. Payco-General Am. Credits, Inc., 943 F.2d 482, 484 (4th Cir. 1991). To determine whether notice is adequate, the court applies the "least sophisticated consumer" standard. See United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 139 (4th Cir. 1996). This standard ensures that the FDCPA protects all consumers — "the gullible as well as the shrewd." Id. at 136. "[T]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. (quoting F.T.C. v. Standard Educ. Soc'y, 302 U.S. 112, 116 (1937)). However, the least sophisticated consumer isn't "tied to the very last rung on the [intelligence or] sophistication ladder." Garcia-Contreras v. Brock & Scott, PLLC, 775 F. Supp. 2d 808, 817 (M.D.N.C. 2011) (quoting Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)) (alteration in original). The least sophisticated consumer standard both protects naive consumers and "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of

4

reasonableness and presuming a basic level of understanding and willingness to read with care." Id. (quoting Nat'l Fin. Servs., 98 F.3d at 136). Under the "least sophisticated consumer" standard, a statement is false or misleading if "it can be reasonably read to have two or more meanings, one of which is inaccurate." Kirkpatrick v. TJ Servs., Inc., 379 F. Supp. 3d 539, 541 (E.D. Va. 2019) (citing decisions from the Second, Third, Sixth, and Ninth Circuits applying the same standard, but noting that the Fourth Circuit "has not opined on the issue"); see also Laporte v. Midland Funding LLC, No. 5:19-CV-000073, 2020 WL 2814184, at *3 (W.D. Va. May 29, 2020). The test requires a court to consider a statement's "capacity . . . to mislead," such that "evidence of actual deception is unnecessary." Nat'l Fin. Servs., 98 F.3d at 139.

Plaintiffs do not dispute that the dunning letter, in accordance with the requirements of 15 U.S.C. § 1692g(a), notifies them that the debt will be assumed valid in the absence of a timely dispute and that the debt referenced was the homeowners' association fees. Plaintiffs allege, however, that the letter fails to comply with 15 U.S.C. § 1692g(a)(3) because it "fails to inform Plaintiff[s] that the Debt will be assumed to be valid *by Defendant*." (Doc. 1 ¶ 26 (emphasis in original); see Doc. 1-1 at 5 ("Unless you dispute the validity of this debt, or any portion, within 30 days after receipt of this letter, the debt will be assumed to be valid.").) Plaintiffs allege that this failure could

5

lead the least sophisticated consumer to be "uncertain about what entity will make the assumption and for what purpose." (Id. ¶ 53; Doc. 8 at 4.) Plaintiffs assert, in the absence of language indicating the identity of who will assume the debt to be valid, "that the least sophisticated consumer could be misled into believing that their debt will be determined to be valid by a court, credit reporting agency, or other authority." (Doc. 8 at 5-6 (internal quotation marks and punctuation omitted).) In response, Higgins argues that the absence of identifying language in the relevant sentence is not misleading because the letter clearly indicates that Higgins "is a debt collector." (Doc. 7 at 5.) Higgins refers to other portions of the same paragraph which indicate the responsibilities of the firm in relation to the debt and asserts that, taken together, the letter makes clear that only the firm will assume the debt to be valid. (Id.)

As Higgins correctly argues, there is no requirement in the FDCPA that a debt collector quote the statute's language verbatim. See Kirkpatrick, 379 F. Supp. 3d at 542; Emanuel v. Am. Credit Exch., 870 F.2d 805, 808 (2d Cir. 1989). When reviewing a debt collection notice, the court must review the document as a whole in order to evaluate whether the notice would sufficiently inform a least sophisticated debtor of their rights under the FDCPA. Garcia-Contreras, 775 F. Supp. 2d at 817–18; Smith v. Dynamic Recovery Sols. LLC, No. 2:19-CV-00135-DCN, 2019 WL

6

2368460, at *5 (D.S.C. June 5, 2019). "The test for whether the collection letter violates § 1692g is whether the letter, taken as a whole, would confuse the unsophisticated consumer about his or her rights." Orr v. Westport Recovery Corp., 941 F. Supp. 2d 1377, 1382 (N.D. Ga. 2013) (quoting Farley v. Diversified Collection Servs., Inc., No. 98-2108, 1999 WL 965496, at *3 (N.D. Ill. September 30, 1999)).

"[I]n reading a statute, [the court must] assume all language has a purpose. Thus, the language of the 'debt collector' in each section must have a purpose." Galuska v. Collectors Training Inst. of Ill., Inc., No. 3:07-CV-2044, 2008 WL 2050809, at *5 (M.D. Pa. May 13, 2008). By including the term "by the debt collector," § 1692g(a)(3) expressly intended the notice to convey the specific validation limitation to the consumer — that the debt would be assumed valid by only the debt collector and only for collection purposes. See Harlan v. NRA Group, LLC, Civil Action No. 10-cv-0324, 2011 WL 500024, at *3-4 (E.D. Pa. Feb. 9, 2011).[1] "The statutorily required validation notice is intended to convey to the consumer that failure to dispute the debt permits the debt collector to proceed for collection purposes on the 'temporary fiction' that the debt is valid [, that f]ailure to dispute a debt

---

[1] The dunning letter's statement in Harlan that the debt would be "presumed" (rather than "assumed") to be valid provided an additional deficiency. Nevertheless, the omission of "by the debt collector" created sufficient uncertainty to state a claim. Id. at *4.

7

has no legal effect on a debtor's rights . . . [and that i]n any subsequent collection action, the burden would remain on the debt collector . . . to prove the validity of the debt." Id.

This court has not previously addressed whether the absence of identifying language in relation to the assumption of validity in a collection letter renders the notice misleading. However, in Fariasantos v. Rosenberg & Assocs., LLC, the Eastern District of Virginia faced this very question. See 2 F. Supp. 3d 813 (E.D. Va. 2014). In that case, the plaintiff received a dunning letter that stated, "Unless you dispute this debt or any part thereof, within 30 days after receiving this notice, the debt will be assumed as valid." Id. at 816. The plaintiff alleged that the letter was misleading, and the court agreed. Viewing the dunning letter holistically, the court found that the letter's use of "this office" and "we" elsewhere in the same paragraph failed to sufficiently make clear that it was only the debt collector who would assume the debt to be valid. Id. at 823. Rather, the key sentence, worded passively, was considered to "obscure" the identity of who would consider the debt to be valid and for what purposes. Id. The court explained that to read in an identity would be to "assume the presence and import of words that are simply not there." Id. Thus, "even in light of the surrounding sentences and the general context of the [l]etter," the court found, it "cannot extract substantive meaning from a sentence that

8

was drafted in a way that obscures such meaning." Id.

Here, as with the letter in Fariasantos, the key sentence is worded passively, fails to identify who is to assume that the debt is valid, and does not indicate the purposes for which the assumption is to be made. Further, nothing in the context or language of the surrounding paragraph indicates that it is the debt collector who will assume the validity of the debt and only for collection purposes. Although Higgins is not required to use "magic words" in order to comply with the FDCPA, it "must include some language that makes clear it is only the debt collector that may assume validity and only for collection purposes; otherwise the debtor is left uncertain about what entity will make the assumption and for what purpose." Harlan, 2011 WL 500024, at *3. "When read in the context of the entire [letter], the phrase 'will be [assumed] valid' and the subsequent omission of any reference to the entity that will be '[assuming]' the debt [might] confuse or mislead the least sophisticated debtor into believing that her debt would be determined to be valid by an entity of authority [other than the debt collector]." Orr, 941 F. Supp. 2d at 1382 (quoting Smith v. Hecker, No. CIV.A. 04-5820, 2005 WL 894812, at *6 (E.D. Pa. Apr. 18, 2005)) (alterations in original).[2]

---

[2] Smith's dunning letter is distinguishable in that it noted that the debt would be "assessed" (rather than "assumed") valid. But the defendant's motion to dismiss was nevertheless denied because the letter also failed to indicate that it was only the debt collector, not others, who would make that determination. Id. at *6.

Here, the exclusion in the key sentence of the statutory language regarding the identity of who may assume the debt to be valid or the purposes of that assumption is sufficient to state a violation of the FDCPA.

In support of its position that the language is not misleading, Higgins relies on Vitullo v. Mancini, in which an argument similar to that of the Plaintiffs was found to be "unavailing." See 684 F. Supp. 2d 747, 757 (E.D. Va. 2010). However, that decision did not explain its reasoning in detail and did not focus exclusively on the absence of the contested language here. Further, since Vitullo was decided, other judges in the same district have twice accepted the argument made by Plaintiffs here. See Fariasantos, 2 F. Supp. 3d 813; DeCapri v. Law Offs. of Shaprio Brown & Alt, LLP, No. 3:14CV201-HEH, 2014 WL 4699591, at *6 (E.D. Va. Sept. 19, 2014). So have the vast majority of courts that have considered the issue. See Orr, 941 F. Supp. 2d at 1382; Sevela v. Kozeny & McCubbin, L.C., No. 8:18CV390, 2018 WL 10228300, at *5 (D. Neb. Nov. 29, 2018); Allah-Mensah v. Law Off. of Patrick M. Connelly, P.C., No. CV PX-16-1053, 2016 WL 6803775, at *8 (D. Md. Nov. 17, 2016); Philip v. Sardo & Batista, P.C., No. CIV.A. 11-4773 SRC, 2011 WL 5513201, at *5 (D.N.J. Nov. 10, 2011) (rejecting multiple references to "we" and "this office" as sufficient to comply with the statutory requirement); Harlan, 2011 WL 500024, at *3; Galuska, 2008 WL 2050809, at *6; Hecker, 2005 WL

10

894812, at *6; Guerrero v. Absolute Collection Serv., Inc., No. 1:11-CV-02427-JEC, 2011 WL 8183860, at *4 (N.D. Ga. Oct. 6, 2011); Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A., No. 11-80894-CIV, 2011 WL 4499100, at *3 (S.D. Fla. Sept. 27, 2011); see also McWilliams v. Advanced Recovery Sys., Inc., 174 F. Supp. 3d 936, 943-44 (S.D. Miss. 2016).

Higgins argues that any ambiguity regarding the assuming entity is eliminated by the statement, "This law firm is a debt collector," and the use of identifying phrases, "we," "us," and "our firm" in other sentences in the relevant paragraph. However, viewing Higgins's debt collection letter as a whole, and from the perspective of the least sophisticated consumer, the presence of identifying language elsewhere in the same paragraph, combined with the conspicuous absence in the key sentence, does not eliminate the ambiguity but may increase the tendency to be misleading. As other courts interpreting similar language have found, the least sophisticated consumer could read this absence to indicate that the debt would be assumed valid by an entity other than the firm. See, e.g., Fariasantos, 2 F. Supp. 3d at 823; Philip, 2011 WL 5513201, at *5 ("In fact, the notice could be read as confusing or misleading because of the fact that 'I' and 'this office' was used so frequently in other contexts within the notice but not used after the clause regarding the assumption of the validity of the debt."); Galuska, 2008 WL 2050809, at *5 ("[T]he

11

notice could be read as confusing or misleading because of the fact that 'we' and 'this office' was used so frequently in other contexts within the notice, but not mentioned in the context of the sentence regarding the assumption of the debt.").

Plaintiffs are therefore correct that the phrases "we," "us," and "our firm" do not sufficiently inform a least sophisticated consumer that the assumption of the debt is limited to Higgins and not some other entity such as a credit reporting agency or court. In light of the absence of identifying language as to the key sentence here, Plaintiffs have sufficiently stated a claim for violations of the FDCPA upon which relief may be granted.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Doc. 6) is DENIED.

      /s/   Thomas D. Schroeder
United States District Judge

January 4, 2021