UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARK GOLDEN and GENEVA GOLDEN, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> vs. <br><br> HIGGINS BENJAMIN, PLLC <br><br> Defendant. | Case No. 1:20-cv-00627-TDS-LPA <br><br> **JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT** |

Plaintiff**s** Mark and Geneva Golden ("Plaintiffs"), and Defendant Higgins Benjamin, PLLC ("Defendant"), by and through their undersigned attorneys, respectfully move the Court to: (1) certify the class of individuals conditionally certified for settlement purposes ("the Class"); (2) grant final approval of the parties' proposed settlement agreement (Doc. 15-1) ("the Agreement"); and (3) appoint Plaintiff and his counsel as representatives of the Class for final settlement purposes.[1] In support thereof, the Parties submit: (1) the Declaration of Russell S. Thompson, IV (Exhibit A); (2) the Declaration of Dorothy Sue Merryman (Exhibit B); a copy of the class notice (Exhibit B-1); and a proposed Final Order (Exhibit C); and the following memorandum of points and authorities.

### Introduction

On February 5, 2021, the Court conditionally certified a settlement Class in this action and preliminary approved the Parties' proposed settlement agreement of the claims under the

---

[1] Defendant denies Plaintiff's allegations and joins in the request for certification solely for settlement purposes.

1

Fair Debt Collection Practices Act ("FDCPA"). Doc. 16. A final fairness hearing has been set for **July 15, 2021 at 10:00 a.m**. *Id*. at 7. After providing the other 559 Class members with notice of the proposed settlement, no objections have been received and no Class member has requested exclusion from the Class. If the Court grants final approval of the proposed settlement, the Settlement Fund of $4,000.00 will be equally divided among the 561 Class members—with each receiving a check for $7.13. The settlement is "fair, reasonable, and adequate" under Fed. R. Civ. P. 23(e)(2), because it represents more than the Class is likely to be awarded through further litigation.

## Background

### I. Plaintiff's FDCPA allegations

Plaintiff filed this action against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Doc. 1. Specifically, Plaintiff alleged Defendant violated § 1692g(a)(3) of the FDCPA by failing to meaningfully convey to Plaintiffs that unless Plaintiffs dispute the validity of the alleged debt, or any portion thereof, within thirty days after receipt of the initial communication, the debt will be assumed valid by Defendant. *Id.* at ¶ 54; *see* Doc. 1-1. Plaintiff's individual claims arise from the Defendant's collection of homeowners association assessments. *Id.* at ¶ 18; *see* Doc. 1-1. Defendant sent Plaintiff an initial collection letter dated April 22, 2020. *Id.* at ¶¶ 21-23; Doc. 1-1. The letter states, in relevant part: ""Unless you dispute the validity of the debt, or any portion, within 30 days after receipt of this letter, the debt will be assumed to be valid." *Id.* at ¶ 25; Doc. 1-1. Because statement does not inform Plaintiff that the Debt will be assumed to be valid *by Defendant*, *id.* at ¶ 26; Doc. 1-1, Plaintiff alleges it violates Section 1692g(a)(3). Defendant denies that any violation occurred.

## II. Plaintiff's class action allegations

Plaintiff alleges the April 22, 2020 letter is based on a form or template (the "Template") used to send initial collection letters to consumers. *Id.* at ¶¶28-20. Here, during the class period, Defendant mailed materially identical letters to consumers in North Carolina related to 401 different properties—sent to 561 consumers. Accordingly, Plaintiff sought, and the Court preliminarily certified, the class of individuals defined as:

> All natural persons owning property in North Carolina to whom Defendant sent an initial written collection correspondence based on the Template, between July 8, 2019 and July 8, 2020, and in connection with the collection of a consumer debt.

Doc. 15 at 3; Doc. 15-1 at 6; Doc. 16 at 3.

Defendant produced financial records, allowing class counsel to assess the possible recovery for the Class. Exhibit A at ¶¶ 5-8. Because "actual damages in consumer actions under these statutes will often be difficult to prove," *Avila v. Van Ru Credit Corp.*, No. 94 C 3234, 1995 WL 22866, at *11 (N.D. Ill. Jan. 18, 1995), the maximum amount of damages that the Class could receive under the FDCPA is one percent of Defendant's net worth, *see* 15 U.S.C. § 1692k. Based on the financial documents produced by Defendant, the $4,000 class fund is greater than one percent of their combined balance sheet net worth. Exhibit A at ¶ 11.

## III. The settlement

On January 29, 2021, the Parties notified the Court that they had reached an agreement to settle this matter on a class-wide basis and jointly moved for class certification and preliminary approval of the class settlement (the "Joint Motion"). Doc. 15. The Agreement calls for a payment of $4,000 to the class, split *pro rata* between each Eligible Class Member. Doc. 15-1 at 7. In the view of class counsel, this represents more than one percent of Defendant's combined

3

net worth. Exhibit A at ¶ 11. The Agreement also calls for Plaintiffs to each receive $1,000 for their FDCPA claim and $500 as compensation for each of their service to the class. Doc. 15-1 at 7. Through the agreement, Defendant agreed to pay the reasonable attorney's fees and expenses of Plaintiff's attorneys in an amount to be determined by the Court. *Id*. Defendant agreed not to contest an award of attorney's fee and litigation expenses of up to $20,000 or less. *Id*. Defendant also agreed to pay settlement administration expenses, not to exceed $4,300.

### IV. Preliminary approval and conditional certification

On January 29, 2021, the parties filed the Joint Motion. Doc. 15. February 5, 2021, the Court issued an order conditionally certifying the class and granting preliminary approval of the class settlement, consistent with the terms and provisions set forth in the Class Action Settlement Agreement. Doc. 16. The Court set a final Fairness Hearing for July 15, 2021 at 10:00 a.m. in Courtroom #1, Hiram H. Ward Federal Building & U.S. Courthouse, 251 N. Main Street, Winston-Salem, NC 27101, to determine whether to grant final approval of the proposed settlement. *Id.*

### V. Notice to the class and reaction from the class members

On March 4, 2021, the Court-approved class administrator mailed class notice to the other 559 members of the class. Exhibit B at ¶ 8. The notice conformed to the requirements set forth in the Court's preliminary approval order. *Id*. at ¶ 5; Exhibit B-1. A total of 20 notices were returned as undeliverable. *Id*. at ¶ 9. The class administrator located updated address information for 6 of the 20 returned Notices. *Id*. New notices were re-mailed to those Class Members. *Id.* Thus, 545 Class Members were mailed a Notice which was not returned as undeliverable, representing 97.5% of total unnamed Class Members.

The notice advised the absent class members of their right to make an appearance, to object to the proposed settlement, or to exclude themselves from the class. Exhibit B-1. No class member has entered an appearance. Class members were required to mail any requests for exclusion, postmarked by April 6, 2021. *Id*. Objections were to be postmarked and filed with the Court by May 6, 2021. *Id.* No class member has requested exclusion and no objections have been lodged.  Exhibit A at ¶¶ 14-15; Exhibit B at ¶ 10.

### Argument

**I.  This Court should confirm its certification of the settlement class.**

The Court previously certified the class for settlement purposes. Doc. 16. The parties agree with the Court's reasoning, see no need to revisit certification here, and thus respectfully submit that this Court should confirm its certification of the settlement class.

**II.  This Court should finally approve the class settlement as fair, reasonable, and adequate under Rule 23(e) and applicable Fourth Circuit law.**

As previewed in the parties' motion for preliminary approval, Doc. 15, the Fourth Circuit has identified a number of factors to assess both the procedural and substantive fairness of a class settlement proposal: (1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; (4) the experience of counsel in the area of class action litigation; (5) the relative strength of Plaintiffs' case on the merits; (6) the existence of any difficulties of proof or strong defenses Plaintiff is likely to encounter if the case goes to trial; (7) the anticipated duration and expense of additional litigation; (8) the solvency of Defendant and the likelihood of recovery on a litigated judgment; and (9) the degree of opposition to the settlement. *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991). Moreover, Rule 23(e) requires courts to consider several other factors,

including that the class representative and class counsel have adequately represented the class, and that the settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e). In applying the foregoing, the Court should be guided foremost by the general principle that settlements of class actions generally are favored. *S.C. Nat'l Bank v. Stone*, 749 F. Supp. 1419, 1423 (D.S.C. 1990) (noting that "[i]n the class action context in particular, there is an overriding public interest in favor of settlement"); *see also Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("[t]here is a strong presumption in favor of finding a settlement fair. Because a settlement hearing is not a trial, the court's role is more balancing of likelihoods rather than an actual determination of the facts and law in passing upon the proposed settlement."). To that end, each relevant *Jiffy Lube* factor supports the conclusion that the parties' settlement here is fundamentally fair, adequate, and reasonable and should be approved.

Here, the first three factors should be considered together. Within the first week of the year, the Court denied Defendant's motion to dismiss pursuant to Rule 12(b)(6). *See* Doc. 12. Due to Defendant's motion, the parties have neither conferred pursuant to Rule 26(f) nor been permitted to serve formal discovery. But in anticipation of the Court's order denying the motion, the parties participated in informal discovery so that they could negotiate the settlement for which they now seek final approval. Exhibit A at ¶¶ 5-8.

The fourth factor—the experience of counsel—supports approval. *Id.* at ¶ 4. As discussed in the parties' motion for preliminary approval, Mr. Thompson has significant experience in consumer litigation, including consumer class actions under the FDCPA. *See* Doc. 15 § III(A)(4); *see also Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 480 (D. Md. 2014) ("Class counsel have significant litigation and appellate experience . . . has served as class counsel in several successful consumer rights class actions . . . [and] have attested to the fairness of the proposal in

6

the Settlement Agreement. Accordingly, because class counsel's experience—and the other *Jiffy Lube* factors—weigh in favor of fairness, the Court will find that the settlement is fair."); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). And the parties reached their settlement here with a clear view as to the strengths and weaknesses of the class's case, particularly given the Court's ruling in Plaintiff's favor on Defendant's motion to dismiss. Doc. 12.

The fifth through seventh factors can also be considered together. As discussed, the Court recently denied Defendant's motion to dismiss. Doc. 12. Thus, with respect to liability, Plaintiffs believe the case is relatively strong on the merits. Defendant disputes that, but even if Plaintiffs prevail on the merits, they must also establish Defendant's net worth to determine the maximum damages to the class. *See Tourgeman v. Nelson & Kennard*, 900 F.3d 1105, 1108 (9th Cir. 2018) ("In light of the statutory text and structure, we conclude that Congress intended the plaintiff to carry the burden at trial of introducing evidence of the defendant's net worth."). But given that Defendant has already agreed to pay more than its maximum class liability, Exhibit A at ¶ 11, continued litigation could only harm Plaintiffs and the class. *See, e.g., Dickens v. GC Servs. Ltd. P'ship*, 220 F. Supp. 3d 1312, 1326 (M.D. Fla. 2016) ("Applying the factors the Court must apply under Section 1692k of the FDCPA, the Court concludes in its discretion that the facts of this case call for the award of only nominal damages. The plaintiff or plaintiffs in this case, however many they may have been, would have been awarded $1.00 in statutory damages."), vacated and remanded, 706 F. App'x 529 (11th Cir. 2017); *Singleton v. Domino's Pizza*, LLC, 976 F. Supp. 2d 665, 680 (D. Md. 2013) ("Even if the Plaintiffs were to prevail on their FCRA

7

claims at trial, it is far from certain that a jury would award the maximum . . ."); 15 U.S.C. § 1692k(a)(2) (setting maximum statutory damages, but no minimum).

"Furthermore, absent final approval of the Amended Settlement Agreement, litigation of this dispute could prove to be long and expensive. In particular, the likely next steps in this case—e.g., additional discovery and dispositive motions—would require substantial time by the parties' attorneys." *Id.*; *see Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 683 (N.D. Cal. 2016) ("Because damages [in an FDCPA action] are not mandatory, continued litigation presents a risk to Plaintiffs of expending time and money on this case with the possibility of no recovery at all for the Class. In light of the risks and costs of continued litigation, the immediate reward to Class Members is preferable."). Regardless of the Court's denial of the motion to dismiss, the parties continue to disagree about the merits of the claims and whether a litigation class—as opposed to a settlement class—could be certified over Defendant's objection. Defendant is likely to have objected on any number of grounds, including commonality, typicality, predominance, and superiority. And on the merits, Defendant is likely to have moved for summary judgment. This creates not only uncertainty but also delay; these risks cannot be ignored. These factors support approval.

The eighth factor—Defendant's solvency and the likelihood of recovery on a litigated judgment—further supports approval. As the Court is aware, we are currently in the midst of a global pandemic resulting in havoc on the country's citizens and businesses. And in addition to paying its own counsel, Defendant must pay Plaintiffs' reasonable attorney fees and costs should they ultimately prevail. Thus, the longer this matter is litigated, the more Defendant must pay to satisfy a litigated judgment. "Although there is nothing to indicate that Defendant would be unable to satisfy a judgment if one were ultimately entered, it is not clear how long it might take

8

Case 1:20-cv-00627-TDS-LPA   Document 17   Filed 05/03/21   Page 8 of 11

to resolve this lawsuit. On balance, the risks, delays, and costs associated with further litigation weigh in favor of granting final approval of the Amended Settlement Agreement." *Singleton*, 976 F. Supp. 2d at 680. Even if successful, a jury still could have awarded class members little in the way of statutory damages, or even potentially none at all. *See Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 683 (N.D. Cal. 2016) ("Because damages are not mandatory, continued litigation presents a risk to Plaintiffs of expending time and money on this case with the possibility of no recovery at all for the Class."). This risk is not merely hypothetical. *See, e.g.*, *Dickens v. GC Servs. Ltd. P'ship*, 220 F. Supp. 3d 1312, 1326 (M.D. Fla. 2016) ("Applying the factors the Court must apply under Section 1692k of the FDCPA, the Court concludes in its discretion that the facts of this case call for the award of only nominal damages. The plaintiff or plaintiffs in this case, however many they may have been, would have been awarded $1.00 in statutory damages."), *vacated and remanded*, 706 F. App'x 529 (11th Cir. 2017); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, No. 06-1397, 2011 WL 1434679, at *11 (N.D. Ohio 2011) (analyzing the factors set forth in 15 U.S.C. § 1692k and awarding no "additional damages" to members of the class). As such, these factors support final approval.

Finally, the Ninth factor also supports final approval. No class member has requested exclusion and no objections have been lodged. Exhibit A at ¶¶ 14-15. Thus, the Court should grant final approval of the class settlement. *See Decohen*, 299 F.R.D. at 480 ("Furthermore, the lack of objections and opt-outs from the class weighs heavily in favor of adequacy."); *In re The Mills Corp. Secs. Litig.*, 265 F.R.D. 246, 257 (E.D. Va. 2009) ("[A]n absence of objections and a small number of opt-outs weighs significantly in favor of the settlement's adequacy.").

Finally, Rule 23(e)(2)(D) requires the Court to confirm that the settlement treats all class members equitably. The related Advisory Committee's Note advises that courts should consider

"whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e), advisory comm.'s note (2018). Here, the alleged violations of each class member results from Defendant mailing a materially identical initial written collection correspondence suffering from the same alleged disclosure deficiencies. Thus, each has the same claim. Through the agreed settlement, each Eligible Class member will receive an equal portion of the $4,000 in agreed class damages. Likewise, the release treats each class member in the same way as all members will agree to release the same FDCPA claims. Accordingly, this factor supports final approval. *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-660, 2018 WL 6606079, at *5 (S.D. Ill. Dec. 16, 2018) ("This proposal is fair and equitable because the class members' interests in the Avery judgment were undivided when they were lost and, thus, each class member's damages were identical. The proposed Settlement therefore entitles each class member to an equal, pro-rata share of the Settlement fund.").

## Conclusion

After overcoming Defendant's early motion to dismiss, the Parties now present a settlement that will provide class members with more relief than they can receive at trial. No class member has requested exclusion, no objections have been lodged, and the *Jiffy Lube* factors support final approval. Accordingly, the parties respectfully request that this Court enter the accompanying Order granting final approval of the class settlement.

Dated: May 3, 2021.

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson , IV(*Pro Hac Vice*)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (888) 332-7252
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiffs

s/ Joshua B. Durham
Joshua B. Durham, NC Bar No. 25414
Bell, Davis & Pitt
227 W. Trade St., Ste. 1800
Charlotte, NC 28202
(704) 227-0125
jdurham@belldavispitt.com

Attorneys for Defendant

# CERTIFICATE OF SERVICE

I certify that on May 3, 2021, I filed the forgoing with the U.S. District Court for the Middle District of North Carolina using the CM/ECF system, which will send notification to Defendant, through counsel, as follows:

Joshua B. Durham
Bell, Davis & Pitt
227 W. Trade St., Ste. 1800
Charlotte, NC 28202
jdurham@belldavispitt.com

s/ Russell S. Thompson, IV
Russell S. Thompson, IV

11